Rory C. Quintana (SBN 258747)
QUINTANA HANAFI
PUNGPRAKEARTI, LLP
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorney for Plaintiff Julie Davenport*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIE DAVENPORT,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**GRACENOTE, INC.**, a Delaware corporation; **TRIBUE COMPANY d.b.a. TRIBUNE MEDIA,** a Delaware corporation; and **DOES 1 through 10**, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; TERMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940, 12945; RETALIATION IN VIOLATION OF PUBLIC POLICY; AND VIOLATIONS OF FAMILY MEDICAL LEAVE ACT 29 U.S.C. § 2615.**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JULIE DAVENPORT (herein "Plaintiff" or "DAVENPORT"), for claims for relief against Defendants GRACENOTE, INC. (herein "Gracenote") and TRIBUNE COMPANY (herein "TRIBUNE") (herein collectively "Defendants") alleges:

**NATURE OF THIS ACTION**

1.  This is an action for relief from Defendants' violations of the California Fair Employment and Housing Act (herein "the FEHA"), the Family Medical Leave Act (herein "the FMLA") and for Defendant's wrongful termination of Plaintiff in violation of public policy.

1    2.    Plaintiff is an individual who was eligible for FMLA leave and had taken FMLA leave. Defendants terminated Plaintiff approximately seven (7) business days after her return from FMLA leave.

3.    Plaintiff seeks compensatory, liquidated, general and punitive damages, reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of her rights.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

4.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

6.    Pursuant to Northern District Local Rule 3-2 (c) & (d) this action should be assigned to either San Francisco or Oakland, California, as the actions giving rise to Plaintiff's claims took place in Alameda County.

## PARTIES

7.    Plaintiff is a U.S. citizen and a resident of San Mateo County in this judicial district.

8.    Plaintiff was a person with a disability under the FEHA; to wit, on or about January 26, 2015, Plaintiff informed Defendants that she was pregnant with her second child. As such Plaintiff had a record of disability within the definition of state disability nondiscrimination laws.

9.    Plaintiff is an adult female, aged 46 years old.

10.   Plaintiff began working for Gracenote in or around December 2012.

11.   At the time of her termination, Plaintiff was an otherwise qualified person within the meaning of the FEHA. At all relevant times, Plaintiff was an employee as defined under California Government Code section 12926(c).

12.   Plaintiff worked for Defendants in excess of one year, and in excess of 1,250 hours in the year immediately prior to September 2015.

2
COMPLAINT FOR DAMAGES

13. Plaintiff went on maternity leave beginning June 8, 2015 and returned to work September 21, 2015.

14. Plaintiff is informed and believes and based thereon alleges that Gracenote is a Delaware corporation, with its principle headquarters at 2000 Powell Street, Suite 1500, Emeryville, California. Plaintiff is informed and believes and based thereon alleges that Gracenote is registered to do business in California, Corporation Number C2207070. At all relevant times, Gracenote was an employer as defined under Government Code section 12926(d).

15. Plaintiff is informed and believes and based thereon alleges that Tribune is a Delaware corporation, with its principle headquarters at 435 North Michigan Avenue, Chicago, Illinois 60611. Plaintiff is informed and believes and based thereon alleges that Tribune is registered to do business in California, Corporation Number C2198052. At all relevant times, Tribune was an employer as defined under Government Code section 12926(d).

16. Plaintiff is informed and believes and based thereon alleges that Gracenote is an employer as defined by 29 C.F.R. §825.104, as it is engaged in commerce or activity affecting commerce, and employs 50 or more employees.

17. Plaintiff is informed and believes and based thereon alleges that Tribune is an employer as defined by 29 C.F.R. §825.104, as it is engaged in commerce or activity affecting commerce, and employs 50 or more employees.

18. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

19. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and

3
COMPLAINT FOR DAMAGES

believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Defendants are sued both in their own right and on the basis of *respondeat superior*.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20. On November 18, 2015, Plaintiff properly notified the Department of Fair Employment and Housing of her intent to sue Defendants and have received a "right-to-sue notice" prior to filing this complaint. A true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

**FACTS COMMON TO ALL CAUSES OF ACTION**

21. Plaintiff began working for Gracenote in December 2012, as the Vice President of Global Business Development. In this role, Plaintiff's duties included managing all partnerships, licensing deals, barter arrangements, new business arrangements, assessing new business models for future revenue and a focus on anything related to advertising and video personalization. Plaintiff supervised a team of employees consisting of a Director of Business Development for Music/Automotive, a Manager for Music/Automotive, a Director of Business Development for Video/Advertising, a Manager of Video Advertising, and directors in Europe and Japan who worked in all categories of the business.

22. In February 2014, Tribune purchased Gracenote from Sony Corporation and set forth changes including laying off several employees in Plaintiff's department. Despite these changes in the company, from February 2014 through February 2015, Plaintiff's position did not change.

23. In January 2015, Virginia Bushell joined Gracenote as Vice President and Head of Business Development and Strategy. Immediately after taking this role, Ms. Bushell met with Plaintiff and assured Plaintiff that no major changes were forthcoming in her role with Gracenote.

24. On or about January 26, 2015, Plaintiff informed Defendants that she was pregnant.

25. In or around March 2015, licensing was removed from Plaintiff's department and moved to the finance department. Plaintiff was informed that her role would change to work solely on "Addressability" and that she should stop working on Music, Video and Automotive Business Development. Plaintiff was told that the reason for this change was that Addressability is an area of expertise for Plaintiff and that she should focus 100% on leading in this category as it was a critical area for the company.

26. In or around late March 2015, Plaintiff's responsibilities were further downgraded to a more narrow focus on advertising. At this same time, Gracenote Chief Executive Officer John Batter stopped including Plaintiff on internal emails from Tribune and Gracenote.

27. In or around April 2015, the Director of Music who previously worked under Plaintiff was moved to the Finance department. Ms. Bushell and Mr. Batter informed Plaintiff that her other two direct reports were not "business development guys" and should be moved to Finance or laid off.

28. In or around April 2015, Ms. Bushell began assigning Plaintiff's work to Sheela Chandrasekhara and herself. At this same time, Plaintiff was tasked with training and educating Ms. Bushell and Ms. Chandrasekhara on the advertising industry.

29. In or around May 2015, Ms. Bushell hired a new Senior Manager of Business Development to cover music business, filling the role of the Director who was reassigned to Finance and was Plaintiff's direct report.

30. In or around May 2015, Plaintiff went to Defendants' human resources department and raised concerns about her changing role. Ms. Bushell learned of this meeting and told Plaintiff that she was "being too sensitive" and that Plaintiff's "ego [was] getting in the way."

31. In or around July 2015, while on maternity leave, Plaintiff was informed that her office was taken away and that she would be moved to a different, smaller office. She was further informed that her furniture was stored away as it did not fit in the new office.

32. In or around July 2015, Plaintiff inquired about her Second Quarter bonus and never received an answer. The day before the bonus was to be deposited, Ms. Bushell informed

COMPLAINT FOR DAMAGES

1  Plaintiff that Mr. Batter decided to only provide Plaintiff with 70% of her personal bonus,
2  explaining that she and Mr. Batter believed Plaintiff "could have done more" and that Plaintiff
3  needed to learn a skill set Plaintiff could learn, "if she put her ego aside." Ms. Bushell further
4  stated that, if in the end, Plaintiff came back and was not interested in learning this new skill set
5  and wanted to do something else, "well that's ok too." When Plaintiff asked about her office,
6  she was told by Ms. Bushell that she was moved to a smaller office and the decision was made
7  based on direct reports, title and other factors.

8      33.    In or around August 2015, Defendants announced the hiring of a new General
9  Manager of Video Personalization, the area in which Plaintiff was supposed to focus her work.

10     34.    On or about September 21, 2015, Plaintiff returned to work.

11     35.    On or about September 21, 2015, Ms. Bushell informed Plaintiff that she had
12 hired two consultants the week before for a sum of $75,000 to assess the broadcast industry, an
13 area of expertise for Plaintiff. Plaintiff was directed to help the new General Manager of Video
14 Personalization with a project. When Plaintiff asked about all the other items she had
15 transitioned to Ms. Chandrasekhara and Ms. Bushell, Ms. Bushell informed Plaintiff that she
16 should take direction from the new General Manager.

17     36.    From September 21 through 30, 2015, Ms. Bushell excluded Plaintiff from areas
18 of work in which she was typically included in the past, including without limitation: meetings
19 with original equipment manufacturers ("OEM's"), development and review of a three-year plan
20 focused on Advertising and Personalization, and assessment of potential industry partners. Ms.
21 Bushell ordered Plaintiff to provide the outside consultants with Plaintiff's industry contacts and
22 to provide historical information on the work Plaintiff had done in the past.

23     37.    Plaintiff was terminated on or about October 7, 2015. At her termination meeting
24 she was told that the reason for her termination was that her division had been placed within the
25 finance division and that her position had been eliminated.

26 ///
27 ///
28 ///

COMPLAINT FOR DAMAGES

**FIRST CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of Public Policy**

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

39. It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's gender.

40. It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's disability.

41. It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's pregnancy.

42. It is the policy of the United States to prevent employers from interfering with an employee's rights under the FMLA.

43. It is the policy of the United States to prevent employers from discriminating and retaliating against an employee for taking leave pursuant to the FMLA.

44. Plaintiff's gender, pregnancy, and/or pregnancy leave was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

45. As a proximate result of Defendants' actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been discriminated against, which actions resulted in her unlawful termination.

46. As a further proximate result of Defendants' actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

47. Plaintiff further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

48. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## SECOND CLAIM FOR RELIEF
### Termination in Violation of Cal. Gov't. Code §§ 12940, 12945

49. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

50. At all times relevant to this Complaint, Government Code §§ 12940, 12945 and the corresponding California Code of Regulations were in full force and effect and binding on Defendants. These sections, inter alia, require Defendants to refrain from discriminating or retaliating against employees on the basis of gender including pregnancy.

51. Plaintiff's gender and/or pregnancy, were motivating factors in Defendants' decision to terminate Plaintiff's employment.

52. As a proximate result of Defendants' actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been discriminated against, which actions resulted in her unlawful termination.

53. As a further proximate result of Defendants' actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

54. Plaintiff further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

55. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of Public Policy
### (Cal. Gov't. Code §§ 12940, 12945, 12945.2)

56. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

57. At all times relevant to this Complaint, California Government Code §§ 12940, 12945, 12945.2 and the corresponding Code of California Regulations were in full force and

8
COMPLAINT FOR DAMAGES

effect and were binding on Defendants. These sections, inter alia, require Defendants to refrain from retaliating against and/or interfering with female employees who exercise their right to take pregnancy leave.

58. Plaintiff exercised her right to pregnancy leave pursuant to the laws of the State of California. In retaliation for requesting leave, Defendants refused to reinstate Plaintiff to the position she had prior to her leave, or to a comparable position as required under California Government Code §§ 12940, 12945.2 and 12945 and the corresponding California Code of Regulations.

59. As a proximate result of Defendants' actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been discriminated against, which actions resulted in her unlawful termination.

60. As a further proximate result of Defendants' actions, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress in an amount to be established at trial.

61. Plaintiff further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

62. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

**FOURTH CAUSE OF ACTION**
**Interference with FMLA Rights**
**(29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)**

63. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

64. The FMLA, 29 U.S.C. §§ 2601-2619; 29 U.S.C. §§ 2651-2654, provides unpaid job-protected leave for eligible employees for numerous reasons, including for pregnancy and the birth of a child.

65. 29 U.S.C. § 2615(a), makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise FMLA rights.

66. Pursuant to her rights under the FMLA, Plaintiff took protected pregnancy leave from June 2015 through September 21, 2015, for which Plaintiff provided adequate advance notice.

67. After Plaintiff notified Defendants of her need for leave, and before her leave began, Plaintiff's duties and responsibilities were modified to the point that she was no longer working in an equivalent position upon her leave. Upon her return, Plaintiff was not returned to the position she held prior to her leave, or an equivalent position. Furthermore, Plaintiff was terminated less than two weeks after her return from leave, and only after she was ordered to provide new employees with historical data regarding her work and her industry contacts.

68. Defendants' actions in modifying Plaintiff's position before her leave, failing to reinstate Plaintiff to her prior position, or any equivalent position following her leave, and by terminating her employment less than two weeks after her return from leave, constitute unlawful interference with Plaintiff's rights under the FMLA.

69. By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

70. As a result of Defendants' violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

71. In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre and post judgment interest, and all other relief available under the statutes.

///
///
///
///

**FIFTH CAUSE OF ACTION**
**Discrimination in Violation of FMLA**
**(29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)**

72. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

73. 29 U.S.C. § 2615(a)(2) makes it unlawful for an employer to discharge or in any other manner discriminate against any individual for taking FMLA leave.

74. Plaintiff raised concerns about her placement in a non-equivalent position prior to taking leave but after providing notice of her leave. Her concerns were dismissed and she was told, for example, that she was being "too sensitive".

75. Plaintiff's responsibilities were removed following her announcement that she was pregnant and would be taking leave.

76. Plaintiff's staff was reduced following her announcement that she was pregnant and would be taking leave.

77. Plaintiff's office was moved while she was on leave and she was placed in a smaller office based on her "new" position.

78. While on leave, Defendants' reduced Plaintiff's Second Quarter bonus.

79. Plaintiff was terminated less than two weeks following her return from FMLA leave.

80. By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

81. As a result of Defendants' violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

82. In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre and post judgment interest, and all other relief available under the statutes.

///

COMPLAINT FOR DAMAGES

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this court:

1. Order Defendants to pay Plaintiff for the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law, in an amount to be proven at trial;

2. Order Defendants to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering.

3. Order Defendants to pay Plaintiff exemplary damages;

4. Order Defendants to pay Plaintiff liquidated damages;

4. Order Defendants to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

5. Order Defendants to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

6. Grant such other and further relief as this court may deem proper and just.

**JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: December 4, 2015                    Respectfully submitted,

                                              QHP, LLP

                                              By:_____
                                                 Rory C. Quintana
                                           *Attorney for Plaintiff Julie Davenport*

COMPLAINT FOR DAMAGES

# EXHIBIT A

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 18, 2015

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 710837-195338
Right to Sue: Davenport / Michael Velasco Gracenote Inc. /Tribune Media

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**  DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 18, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 710837-195338
Right to Sue: Davenport / Michael Velasco Gracenote Inc. /Tribune Media


To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 18, 2015

Julie Davenport
11132 Cambridge Road
Burlingame California 94010

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 710837-195338
Right to Sue: Davenport / Michael Velasco Gracenote Inc. /Tribune Media

Dear Julie Davenport,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 18, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                      DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of      DFEH No. 710837-195338
Julie Davenport, Complainant.
11132 Cambridge Road
Burlingame California 94010

vs.

Michael Velasco  Gracenote Inc. /Tribune Media,
Respondent.
685 Third Avenue, 30th Floor
New York,  New York 10017

Complainant alleges:

1. Respondent **Gracenote Inc. /Tribune Media** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **October 07, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Demoted, Denied family care or medical leave, Denied pregnancy leave, Denied reasonable accommodation, Terminated,** .  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Sex- Gender, Sex - Pregnancy** .

3. Complainant **Julie Davenport** resides in the City of **Burlingame**, State of **California**.  If complaint includes co-respondents please see below.

-5-
*Complaint – DFEH No. 710837-195338*

Date Filed: November 18, 2015

**Additional Complaint Details:**

In January 2015, I informed my employer Gracenote, Inc that I was pregnant with my second child. I began having my work responsibilities reduced, my staff reduced, and even my office space reduced. In June 2015, I went on FMLA and Pregnancy Leave. While gone, my annual bonus was reduced, replacements were hired to perform my work, and my office was taken away. Additionally, since I was terminated I have come to find out that there were meetings held regarding areas of my work which I would have been highly involved, and despite that, I was never mentioned in those meetings. I returned to work on September 21, 2015. I was asked to provide information regarding my professional contacts and network for consultants hired to do work that was previously my responsibility. I was asked to set them up with meetings with my professional contacts and give them updates on work I had done in the past. I was asked to meet with another replacement employee to provide him information. On October 7, or approximately 10 working days thereafter, I was terminated and told that my position had been eliminated.

Date Filed: November 18, 2015

H 902-1

## VERIFICATION

I, **Rory C. Quintana**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On November 18, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, CA**
**Rory C. Quintana**