Mark S. Spring, State Bar No. 155114
mspring@cdflaborlaw.com
Nicole A. Legrottaglie, State Bar No. 271416
nlegrottaglie@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue
Suite 200
Sacramento, California 95825
Telephone:  (916) 361-0991
Facsimile:  (916) 570-1958

Attorneys for Defendants
GRACENOTE, INC. and TRIBUNE COMPANY d.b.a.
TRIBUNE MEDIA

Rory C. Quintana (SBN 258747)
QUINTANA HANAFI PUNGPRAKEARTI, LLP
351 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 504-3121
Facsimile: (415) 233-8770

Attorneys for Plaintiff
JULIE DAVENPORT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DAVENPORT, an individual,<br><br>        Plaintiff,<br>     vs.<br><br>GRACENOTE, INC., a Delaware corporation;<br>TRIBUNE COMPANY d.b.a. TRIBUNE<br>MEDIA, a Delaware corporation; and DOES 1<br>through 10, inclusive,,<br><br>        Defendants. | Case No. 3:15-cv-05573-RS<br><br>Assigned for All Purposes To:<br>District Judge Richard Seeborg<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO ALLOW DEFENDANTS TO FILE FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date:   March 10, 2016<br>Time:  10:00 a.m.<br>Loc.:   450 Golden Gate Ave<br>        Ctrm G, 15th Floor<br>        San Francisco, CA 94102<br><br>Action Filed:  December 4, 2015 |

Carothers DiSante &
Freudenberger LLP

STIPULATION AND [PROPOSED] ORDER TO
ALLOW DEFENDANTS TO FILE A FIRST
AMENDED ANSWER

1056762.1

## STIPULATION

This Stipulation is made by and between Defendants Gracenote, Inc., and Tribune Media ("Defendants") and Plaintiff Julie Davenport ("Plaintiff") (collectively "Parties"), through their respective counsel, and agree as follows:

WHEREAS, on December 4, 2015, Plaintiff filed the Complaint for damages in this action against Defendants alleging claims for (1) wrongful termination in violation of public policy, (2) termination in violation of California Government Code §§ 12940, 12945; (3) retaliation in violation of public policy; and (4) interference with FMLA rights; and (5) discrimination in violation of FMLA;

WHEREAS, on January 19, 2016, Defendants filed an Answer to Plaintiff's Complaint, in which Defendants asserted twenty-two affirmative defenses;

WHEREAS, Defendants intend to add an affirmative defense to Plaintiff's fourth claim for interference with FMLA rights;

WHEREAS, Plaintiff and Defendants have agreed that Defendants may file the [Proposed] First Amended Answer, which is attached as **Exhibit A** to this Stipulation, for the purpose of adding an affirmative defense (Twenty-Third Affirmative Defense) to Plaintiff's fourth claim for interference with FMLA rights;

WHEREAS, the Parties have agreed that, except as otherwise stated, nothing in this Stipulation shall operate as a waiver of any rights they may have in this action.

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1.      Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants are granted leave of court to file the [Proposed] First Amended Answer attached as **Exhibit A** to this Stipulation.  The [Proposed] First Amended Answer will be deemed filed and served as of the date on the Order granting this Stipulation.

2.      Except as otherwise stated, nothing in this Stipulation shall operate as a waiver of any rights that either Plaintiff or Defendants may have in this action.

**IT IS SO STIPULATED.**

STIPULATION AND [PROPOSED] ORDER TO
ALLOW DEFENDANTS TO FILE A FIRST
AMENDED ANSWER

1056762.1

1    Dated:  March 8, 2016                CAROTHERS DISANTE & FREUDENBERGER LLP

2

3                                          By:  */s/ Nicole A. Legrottaglie*
                                                 Nicole A. Legrottaglie
4                                          Attorneys for Defendants
                                           GRACENOTE, INC. and TRIBUNE COMPANY d.b.a.
5                                          TRIBUNE MEDIA

6

7    Dated:  March 8, 2016                QUINTANA HANAFI PUNGPRAKEARTI, LLP

8

9                                          By:  */s/ Rory C. Quintana*
                                                 Rory C. Quintana
10                                         Attorneys for Plaintiff
                                           JULIE DAVENPORT
11

12
                                    **LOCAL RULE 5-1 ATTESTATION**
13
            In accordance with U.S. District Court for the Northern District of California Civil Local
14
     Rule 5-1(i)(3), the filing attorney attests that concurrence in the filing of this document has been
15
     obtained from each of the other Signatories, which shall serve in lieu of their signatures on the
16
     document. The filing attorney will maintain records to support this concurrence for subsequent
17
     production for the Court, if so ordered, or for inspection upon request by a party, until one year
18
     after the final resolution of the action (including appeal, if any).
19

20
     Dated:  March 8, 2016                CAROTHERS DISANTE & FREUDENBERGER LLP
21

22
                                           By:  */s/ Nicole A. Legrottaglie*
23                                               Nicole A. Legrottaglie
                                           Attorneys for Defendants
24                                         GRACENOTE, INC. and TRIBUNE COMPANY d.b.a.
                                           TRIBUNE MEDIA
25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO
                                           ALLOW DEFENDANTS TO FILE A FIRST
                                                        AMENDED ANSWER
1056762.1

[PROPOSED] ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Having considered the Stipulation between the Parties, and good cause appearing in support thereof, Defendants may file an amended Answer.

**IT IS SO ORDERED.**

DATED: _3/8/16_____

_____

Richard Seeborg

3

1056762.1

# EXHIBIT A

Mark S. Spring, State Bar No. 155114
mspring@cdflaborlaw.com
Nicole A. Legrottaglie, State Bar No. 271416
nlegrottaglie@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue
Suite 200
Sacramento, California 95825
Telephone:  (916) 361-0991
Facsimile:  (916) 570-1958

Attorneys for Defendants
GRACENOTE, INC. and TRIBUNE COMPANY d.b.a.
TRIBUNE MEDIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DAVENPORT, an individual, | Case No. 3:15-cv-05573-RS |
| Plaintiff, | Assigned for All Purposes To: |
| vs. | District Judge Richard Seeborg |
| GRACENOTE, INC., a Delaware corporation; TRIBUNE COMPANY d.b.a. TRIBUNE MEDIA, a Delaware corporation; and DOES 1 through 10, inclusive,, | **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| Defendants. | Date:    March 10, 2016 |
| | Time:    10:00 AM |
| | Loc.:    450 Golden Gate Avenue |
| | Ctrm G, 15th Floor |
| | San Francisco, CA 94102 |
| | Action Filed:   December 4, 2015 |

Carothers DiSante &
Freudenberger LLP

1032856.2

1    Defendants GRACENOTE, INC. ("Gracenote") and TRIBUNE MEDIA COMPANY,

2    formerly known as TRIBUNE COMPANY dba TRIBUNE MEDIA, ("Tribune") (collectively

3    "Defendants") answers Plaintiff JULIE DAVENPORT'S, ("Plaintiff") Complaint for Damages, as

4    follows:

5    **NATURE OF THIS ACTION**

6        1.   Answering Paragraph 1, Defendants respond that this Paragraph does not state

7            factual allegations to which a response is required.  Defendants deny, however, that

8            they engaged in any unlawful employment practices or any unlawful conduct toward

9            Plaintiff.

10       2.   Answering Paragraph 2, Defendants deny that it terminated Plaintiff seven (7)

11           business days after her return from FMLA leave, but admits all other allegations in

12           this Paragraph.

13       3.   Answering Paragraph 3, Defendants respond that this Paragraph does not state

14           factual allegations to which a response is required.

15   **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

16       4.    Answering Paragraph 4, Defendants respond that this Paragraph states legal

17           conclusions to which no response is required.  Defendants do not otherwise dispute

18           jurisdiction.

19       5.   Answering Paragraph 5, Defendants respond that this Paragraph states legal

20           conclusions to which no response is required.  Defendants deny that they engaged in

21           unlawful employment practices or any unlawful conduct towards Plaintiff.

22           Defendants do not otherwise dispute venue.

23       6.   Answering Paragraph 6, Defendants respond that this Paragraph states legal

24           conclusions to which no response is required.  Defendants deny that they engaged in

25           unlawful employment practices or any unlawful conduct towards Plaintiff.

26           Defendants do not otherwise dispute venue or assignment of this matter to the San

27           Francisco or Oakland division of the Northern District.

28   ///

1    DEFENDANTS' FIRST AMENDED ANSWER
     TO PLAINTIFF'S COMPLAINT FOR
     DAMAGES

## PARTIES

7. Answering Paragraph 7, Defendants are without sufficient information to respond to the allegations in this Paragraph, and on that basis denies these allegations.

8. Answering Paragraph 8, Defendants admit that in or around January 2015, she informed a representative/employee of Gracenote that she was pregnant. Defendants deny the remaining allegations of this Paragraph.

9. Answering Paragraph 9, Defendants admit these allegations.

10. Answering Paragraph 10, Defendants admit that Plaintiff worked for Gracenote but deny that the employment relationship began in December 2012.

11. Answering Paragraph 11, Defendants admit that Plaintiff was an employee of Gracenote between February 2013 and October 2015. The remaining portions of this Paragraph contain legal conclusions to which no response is required.

12. Answering Paragraph 12, Defendants admit the allegations of this Paragraph.

13. Answering Paragraph 13, Defendants admit the allegations of this Paragraph.

14. Answering Paragraph 14, Defendants admit that Gracenote, Inc. was Plaintiff's employer. With respect to the remaining factual allegations of this Paragraph, Defendants admit these allegations.  Note: principle should be "principal."

15. Answering Paragraph 15, Defendants deny that Tribune Media Company or any predecessor of Tribune Media company was ever Plaintiff's employer.  With respect to the remaining factual allegations of this Paragraph, Defendants admit these allegations.  Note: principle should be "principal."

16. Answering Paragraph 16, Defendants admit that Gracenote engaged in commerce or activity affecting commerce and that it employees 50 or more employees. Defendants admit that Gracenote was Plaintiff's employer.  The remaining portions of this Paragraph contain legal conclusions to which no response is required.

17. Answering Paragraph 17, Defendants admit that Tribune engaged in commerce or activity affecting commerce and that it employees 50 or more employees. Defendants deny that Tribune was Plaintiff's employer.  The remaining portions of

2

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT FOR
DAMAGES

1032856.2

this Paragraph contain legal conclusions to which no response is required.

18. Answering Paragraph 18, the allegations in this Paragraph do not contain factual allegations to which a response is required.

19. Answering Paragraph 19, Defendants deny the allegations of this Paragraph.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Answering Paragraph 20, Defendants admit that, on information and belief, Plaintiff received a right-to-sue notice from the DFEH on or about November 18, 2015.

### FACTS COMMON TO ALL CAUSES OF ACTION

21. Answering Paragraph 21, Defendants deny that Plaintiff's employment began in December 2012 but admit the remaining allegations of this Paragraph.

22. Answering Paragraph 22, Defendants deny that it set forth changes commencing in February 2014, but admit the remaining allegations of this Paragraph.

23. Answering Paragraph 23, Defendants deny that Bushell told Plaintiff that no major changes were forthcoming in her role.  Defendants admit the remaining allegations of this Paragraph.

24. Answering Paragraph 24, Defendants admit this allegation.

25. Answering Paragraph 25, Defendants deny that Plaintiff was told that her role would change to work *solely* on Addressability and that she should stop all work on all other areas.  Defendants admit the remaining allegations of this Paragraph.

26. Answering Paragraph 26, Defendants do not have sufficient information to respond to these allegations and on that basis deny these allegations.

27. Answering Paragraph 27, Defendants admit the allegations in the first sentence of this Paragraph but deny the allegations in the second sentence of this Paragraph.

28. Answering Paragraph 28, Defendants deny the allegations of this Paragraph.

29. Answering Paragraph 29, Defendants admit that Gracenote hired a new Senior Manager of Business Development in or around May 2015.  Defendants deny the remaining allegations of this Paragraph.

30. Answering Paragraph 30, Defendants do not have sufficient information to respond

3

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1032856.2

1    to the allegations of this Paragraph, and on this basis deny these allegations.

2    31. Answering Paragraph 31, Defendants admit the allegations in the first sentence of

3        this Paragraph and deny the remaining allegations.

4    32. Answering Paragraph 32, Defendants admit that Plaintiff was informed by Ms.

5        Bushell that Mr. Batter decided to provide Plaintiff with a bonus that is 70% of what

6        she was fully eligible for.  Defendants further admit that Ms. Bushell informed

7        Plaintiff that she was moved to a smaller office and that the decision was made

8        based on her direct reports, title, and related factors.  Defendants deny the remaining

9        allegations of this Paragraph.

10   33. Answering Paragraph 33, Defendants admit this allegation.

11   34. Answering Paragraph 34, Defendants admit this allegation.

12   35. Answering Paragraph 35, Defendants admit that Ms. Bushell informed Plaintiff in

13       September 2015 that she had hired consultants and that Plaintiff should take

14       direction from the new General Manager.  Defendants deny the remaining

15       allegations of this Paragraph.

16   36. Answering Paragraph 36, Defendants deny the allegations of this Paragraph, except

17       that Defendants admit that Ms. Bushell requested that Plaintiff provide the outside

18       consultants with Plaintiff's industry contacts and certain historical information

19       related to her work.

20   37. Answering Paragraph 37, Defendants admit that she was told she was being laid off

21       on or about October 7, 2015 and admit the remaining allegations of this Paragraph.

22                           **FIRST CLAIM FOR RELIEF**
                     Wrongful Discharge in Violation of Public Policy
23
24   38. Answering Paragraph 38, Defendants incorporate herein by reference its answers to

         the allegations contained in Paragraphs 1-37 above.
25
26   39. Answering Paragraph 39, Defendants respond that this Paragraph states a legal

         conclusion to which no answer is required.
27
28   40. Answering Paragraph 40, Defendants respond that this Paragraph states a legal

                                        4         DEFENDANTS' FIRST AMENDED ANSWER
                                                  TO PLAINTIFF'S COMPLAINT FOR
                                                  DAMAGES
     1032856.2

conclusion to which no answer is required.

41. Answering Paragraph 41, Defendants respond that this Paragraph states a legal conclusion to which no answer is required.

42. Answering Paragraph 42, Defendants respond that this Paragraph states a legal conclusion to which no answer is required.

43. Answering Paragraph 43, Defendants respond that this Paragraph states a legal conclusion to which no answer is required.

44. Answering Paragraph 44, Defendants deny the allegations of this Paragraph.

45. Answering Paragraph 45, Defendants deny the allegations of this Paragraph.

46. Answering Paragraph 46, Defendants deny the allegations of this Paragraph.

47. Answering Paragraph 47, Defendants deny the allegations of this Paragraph.

48. Answering Paragraph 48, Defendants deny that Plaintiff is entitled to a judgment.

## SECOND CLAIM FOR RELIEF
### Termination in Violation of Cal. Gov't Code §§12940, 12945

49. Answering Paragraph 49, Defendants incorporate herein by reference its answers to the allegations contained in Paragraphs 1-48 above.

50. Answering Paragraph 50, Defendants respond that this Paragraph states legal conclusions to which no answer is required.

51. Answering Paragraph 51, Defendants deny the allegations of this Paragraph.

52. Answering Paragraph 52, Defendants deny the allegations of this Paragraph.

53. Answering Paragraph 53, Defendants deny the allegations of this Paragraph.

54. Answering Paragraph 54, Defendants deny the allegations of this Paragraph.

55. Answering Paragraph 55, Defendants deny that Plaintiff is entitled to a judgment.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of Public Policy
### (Cal. Gov't Code §§ 12940, 12945, 12945.2)

56. Answering Paragraph 56, Defendants incorporate herein by reference its answers to the allegations contained in Paragraphs 1-55 above.

57. Answering Paragraph 57, Defendants respond that this Paragraph states legal

5

1    conclusions to which no answer is required.

2    58. Answering Paragraph 58, Defendants admit that Plaintiff exercised her rights to

3        leave under applicable law but deny the remaining allegations of this Paragraph.

4    59. Answering Paragraph 59, Defendants deny the allegations of this Paragraph.

5    60. Answering Paragraph 60, Defendants deny the allegations of this Paragraph.

6    61. Answering Paragraph 61, Defendants deny the allegations of this Paragraph.

7    62. Answering Paragraph 62, Defendants deny that Plaintiff is entitled to a judgment.

8                         **FOURTH CAUSE OF ACTION**

9                           Interference with FMLA Rights
                     (29 U.S.C §§ 2601-2619; 29 U.S.C. §§ 2651-2654)

10   63. Answering Paragraph 63, Defendants incorporate herein by reference its answers to

11       the allegations contained in Paragraphs 1-62 above.

12   64. Answering Paragraph 64, Defendants respond that this Paragraph states a legal

13       conclusion to which no answer is required.

14   65. Answering Paragraph 65, Defendants respond that this Paragraph states a legal

15       conclusion to which no answer is required.

16   66. Answering Paragraph 66, Defendants admit the allegations of this Paragraph.

17   67. Answering Paragraph 67, Defendants deny the allegations of this Paragraph.

18   68. Answering Paragraph 68, Defendants deny the allegations of this Paragraph.

19   69. Answering Paragraph 69, Defendants deny the allegations of this Paragraph.

20   70. Answering Paragraph 70, Defendants deny the allegations of this Paragraph.

21   71. Answering Paragraph 71, Defendants deny the allegations of this Paragraph.

22                         **FIFTH CAUSE OF ACTION**

23                         Discrimination in Violation of FMLA
                     (29 U.S.C §§ 2601-2619; 29 U.S.C. §§ 2651-2654)

24   72. Answering Paragraph 72, Defendants incorporate herein by reference its answers to

25       the allegations contained in Paragraphs 1-71 above.

26   73. Answering Paragraph 73, Defendants respond that this Paragraph states a legal

27       conclusion to which no answer is required.

28

6                  DEFENDANTS' FIRST AMENDED ANSWER
                   TO PLAINTIFF'S COMPLAINT FOR
                   DAMAGES

74. Answering Paragraph 74, Defendants deny the allegations of this Paragraph.

75. Answering Paragraph 75, Defendants admit that some responsibilities of Plaintiff were removed from her and given to other employees after she announced that she was pregnant.

76. Answering Paragraph 76, Defendants admit the allegation of this Paragraph.

77. Answering Paragraph 77, Defendants admit the allegations of this Paragraph.

78. Answering Paragraph 78, Defendants admit the allegations of this Paragraph.

79. Answering Paragraph 79, Defendants deny the allegations of this Paragraph.

80. Answering Paragraph 80, Defendants admit that Plaintiff retained attorneys but deny the remaining allegations of this Paragraph.

81. Answering Paragraph 81, Defendants deny the allegations of this Paragraph.

82. Answering Paragraph 82, Defendants deny the allegations of this Paragraph.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that they have engaged in any unlawful conduct toward Plaintiff and deny that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Defendants do not seek a jury trial.

## AFFIRMATIVE DEFENSES

Defendants further allege and assert the defenses set forth below.  By pleading these additional defenses, Defendants do not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiff.  Nothing stated herein should be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations. Defendants expressly reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses are appropriate.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action/Claim)

The Complaint, and each claim alleged therein, fails to allege facts sufficient to state a claim against Defendants on which relief can be granted.

7

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1032856.2

1

**SECOND AFFIRMATIVE DEFENSE**

2

(Failure to Exhaust Administrative Remedy)

3

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has failed to properly

4

exhaust her administrative remedies or to comply with the statutory prerequisites to bringing suit.

5

**THIRD AFFIRMATIVE DEFENSE**

6

(Statute of Limitations)

7

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations,

8

including, but not limited to California Government Code sections 12960 and 12965, and 29

9

U.S.C. section 2615.

10

**FOURTH AFFIRMATIVE DEFENSE**

11

(Laches)

12

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

13

**FIFTH AFFIRMATIVE DEFENSE**

14

(Waiver)

15

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

16

**SIXTH AFFIRMATIVE DEFENSE**

17

(Estoppel)

18

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

19

**SEVENTH AFFIRMATIVE DEFENSE**

20

(Unclean Hands)

21

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

22

**EIGHTH AFFIRMATIVE DEFENSE**

23

(Consent)

24

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the

25

doctrine of consent.

26

**NINTH AFFIRMATIVE DEFENSE**

27

(Avoidable Consequences)

28

Plaintiff's claims for monetary relief are barred, in whole or in part, on the bases of the

8

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT FOR
DAMAGES

1032856.2

1    avoidable consequences doctrine.

2                    **TENTH AFFIRMATIVE DEFENSE**

3                         (No Discrimination)

4         Plaintiff's claims are barred because all decisions made regarding Plaintiff's employment

5    with Defendants was based on legitimate, non-discriminatory criteria, had nothing to do with

6    Plaintiff's alleged protected categories, and were made for proper, business-related reasons that

7    were not arbitrary, capricious, or unlawful.

8                  **ELEVENTH AFFIRMATIVE DEFENSE**

9                    (Acts Outside Scope of Employment)

10        To the extent any of the alleged acts of any employees exceeded the scope and authority of

11   their employment, Defendants are not responsible for such alleged acts and are not liable for

12   damages relating to such alleged acts.

13                  **TWELFTH AFFIRMATIVE DEFENSE**

14                 (Failure to Utilize Complaint Procedures)

15        Some or all of Plaintiff's claims are barred because Plaintiff unreasonably failed to timely

16   and fully take advantage of corrective opportunities offered by her employer, which at all times

17   took reasonable care to prevent discrimination, retaliation, and other alleged wrongs alleged in the

18   Complaint.

19                 **THIRTEENTH AFFIRMATIVE DEFENSE**

20                         (Failure to Mitigate)

21        Defendants are informed and believe, and on that basis allege, that Plaintiff, in the exercise

22   of reasonable diligence, could have mitigated the alleged damages to herself and that Plaintiff

23   failed to exercise such reasonable diligence and has not mitigated such alleged damages.  By

24   reason thereof, Plaintiff is barred in whole or in part from recovering any damages from

25   Defendants.

26   ///

27   ///

28   ///

                                                    9        DEFENDANTS' FIRST AMENDED ANSWER
                                                             TO PLAINTIFF'S COMPLAINT FOR
                                                             DAMAGES

1032856.2

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

(No Entitlement to Punitive Damages)

3          Plaintiff is not entitled to recover punitive or exemplary damages from Defendants for the

4    alleged acts alleged in the Complaint on the grounds that none of Defendants' officers, directors or

5    managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did

6    Defendants or its officers, directors or managing agents have advance knowledge of the unfitness,

7    if any, of the employees who allegedly committed said acts, nor did Defendants employ said

8    employees with a conscious disregard of the rights or safety of others.

9

**FIFTEENTH AFFIRMATIVE DEFENSE**

10

(No Entitlement to Exemplary/Punitive Damages)

11          Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the

12    Complaint on the grounds that any award of punitive or exemplary damages under California

13    and/or federal law in general and/or any such award under California law or federal law as applied

14    to the facts of this specific action would violate the constitutional rights of Defendants under

15    provisions of the United States and California Constitutions, including but not limited to, the due

16    process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

17

**SIXTEENTH AFFIRMATIVE DEFENSE**

18

(Lack of Jurisdiction Due to Arbitration Contract)

19          Plaintiff is barred from pursuing this action in court because Plaintiff and Defendant have a

20    binding agreement to resolve this dispute exclusively through arbitration.

21

**SEVENTEENTH AFFIRMATIVE DEFENSE**

22

(No Knowledge, Authorization, or Ratification)

23          Defendants are not liable for Plaintiff's alleged damages because if any agent of Defendants

24    engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so

25    without the knowledge, authorization, or ratification of Defendants.

26    ///

27    ///

28    ///

10

1032856.2

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Worker's Compensation Exclusivity)

Plaintiff's claims are barred and/or Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendants for any alleged vexation, injury or annoyance, or physical, mental or emotional distress or discomfort, on the grounds that Plaintiff's exclusive remedy for such alleged injury arises under the California Workers' Compensation Act and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Appeals Board, California Labor Code section 3600 *et seq.,* and that Plaintiff failed to pursue and/or exhaust her remedies, if any, under the California Workers' Compensation Act or before the California Workers' Compensation Appeals Board.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Same Decision)

Even if there was a discriminatory motive for any adverse employment decision (which there wasn't), Defendants would have made the same decision absent any improper motive, thereby barring and/or limiting Plaintiff's damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Failure to Notify)

The Complaint is barred, in whole or in part, because Plaintiff failed to notify the appropriate management personnel of the allegedly improper conduct which forms the basis of the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Lack of Employment Relationship)

Plaintiff's claims against Tribune are barred, in whole or in part, because Tribune never employed Plaintiff and as a result, Tribune is entitled to recover its attorneys' fees and costs.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

Plaintiff is barred, in whole or in part, from asserting her claims and from her claims for recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence

11

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT FOR
DAMAGES

1032856.2

1  doctrine.

2                      **TWENTY-THIRD AFFIRMATIVE DEFENSE**

3                  (Adverse Action Would Have Occurred Regardless of Leave)

4          Plaintiff's employment would have been terminated even if she did not request and take

5  leave under the Family and Medical Leave Act/California Family Rights Act.  In addition, all

6  adverse actions that Plaintiff alleges interfered with her leave rights would have occurred even if

7  Plaintiff did not request and take leave under the Family and Medical Leave Act/California Family

8  Rights Act.

9                          **PRAYER FOR RELIEF**

10      1.   That judgment be entered in favor of Defendants and against Plaintiff;

11      2.   That Plaintiff takes nothing by the Complaint and that the Complaint be dismissed

12           in its entirety with prejudice;

13      3.   That Defendants be awarded their recoverable costs of suit and the attorneys' fees

14           incurred herein; and

15      4.   For such other relief as this Court deems just and proper.

16

17  Dated:  March 8, 2016                 CAROTHERS DISANTE & FREUDENBERGER LLP

18

19

20                                        By: _____
                                               Nicole A. Legrottaglie
                                          Attorneys for Defendants
21                                        GRACENOTE, INC. and TRIBUNE COMPANY d.b.a.
                                          TRIBUNE MEDIA
22

23

24

25

26

27

28

                                    12        DEFENDANTS' FIRST AMENDED ANSWER
                                              TO PLAINTIFF'S COMPLAINT FOR
1032856.2                                     DAMAGES